IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAYLA REED, a woman prosecutor, | |
| Plaintiff, | 8:21-CV-205 |
| vs. | MEMORANDUM AND ORDER |
| KENT D. TURNBULL, et al., | |
| Defendants. | |

This matter is before the Court on its own motion following review of the complaint filed by Kayla Reed against several defendants, alleging state law tort claims arising out of what appears to be a state traffic court proceeding. The complaint will be dismissed because of the pending state court proceeding.

This is not the plaintiff's first case in this Court. Her filings include: *Reed v. Hovey et al.*, case no. 4:20-cv-3151; *Reed v. Smith et al.*, case no. 4:21-cv-3079; and *Reed v. Jones et al.*, case no. 4:21-cv-3051. Although the allegations in each case vary (and are sometimes difficult to parse), they all seem to arise from the plaintiff's quixotic belief that she has the right to drive a vehicle without registering the vehicle or obtaining an operator's license. *See* filing 1 at 5.[1]

The lead defendant in this case is Judge Kent Turnbull, whom the plaintiff describes presiding over her trial. Filing 1 at 6. The Court takes judicial notice of the fact that Judge Turnbull is a judge of the County Court for Nebraska's 11th Judicial District. *See Springfield v. Carter*, 175 F.2d 914, 917 (8th Cir. 1949). The Court also takes judicial notice of the fact that Angela

---

[1] The Court has previously rejected this "sovereign citizen" belief on the merits, *see Reed v. Hovey*, No. 4:20-CV-3151, 2021 WL 949612, at *2-5 (D. Neb. Mar. 12, 2021), but does not reach the merits in this case.

M. Franz is, consistent with her description in the complaint, a deputy county attorney for Lincoln County, Nebraska. *See id.*

Taken together and loosely described, what the plaintiff's complaint alleges is that defendants James Hagen and Adam Charter "trespassed" on the plaintiff's property—her car—and Franz subsequently charged her in state county court, before Judge Turnbull, with a registration violation. *See* filing 1 at 3, 5-6, 9-10. Hagen and Charter are alleged to be "government workers," presumably police officers. Filing 1 at 1. Judge Turnbull also "forced a public attorney on [the plaintiff's] behalf"—in other words, defendant Margaret R. Jackson was appointed as the plaintiff's counsel. Filing 1 at 4, 6. Judge Turnbull, according to the plaintiff, "forced" the plaintiff to go to trial, and may send her to jail. Filing 1 at 6-7.

But the key allegation is that Judge Turnbull, according to the plaintiff, may send her to jail <u>on July 1, 2021</u>. Filing 1 at 7. In other words, the state court proceeding is ongoing—which is why, in addition to seeking money damages, replevin, and various injunctive relief, the plaintiff specifically demands "a stay" on all of Judge Turnbull's judgments so that she remains "free until [she] can have all matters tried before a common law jury or [she] can appeal all matters to the district/Supreme Court[.]" Filing 1 at 7.

That requires the Court to consider whether it should abstain from exercising its jurisdiction. The Court considers abstention *sua sponte*. *See Robinson v. City of Omaha,* 866 F.2d 1042, 1043 (8th Cir. 1989); *see also Geier v. Missouri Ethics Comm'n,* 715 F.3d 674, 676 (8th Cir. 2013). Abstention is a doctrine designed to promote federal-state comity and is required when a federal court decision would disrupt the establishment of coherent state policy. *Ankenbrandt v. Richards,* 504 U.S. 689, 704-05 (1992). Abstention from the exercise of federal jurisdiction is the exception, not the rule. *Id.* at 705. And

abstention rarely should be invoked because the federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them. *Id.*; *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976).

But abstention under *Younger v. Harris,* 401 U.S. 37 (1971) and its progeny may be appropriate where a state proceeding is ongoing or important state interests are at stake. *See Ankenbrandt*, 504 U.S. at 705; *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Amerson v. Iowa*, 94 F.3d 510, 512 (8th Cir. 1996). In particular, a federal court should abstain from exercising jurisdiction in cases where there is a parallel, pending state criminal proceeding, so long as certain conditions are met. *Minn. Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 551 (8th Cir. 2018).

The Eighth Circuit has articulated three "lines of inquiry" for determining whether *Younger* abstention is appropriate. *See id*.

> First, does the underlying state proceeding fall within one of the three "exceptional circumstances" where *Younger* abstention is appropriate? Second, if the underlying proceeding fits within a *Younger* category, does the state proceeding satisfy what are known as the "*Middlesex*" factors? And third, even if the underlying state proceeding satisfies the first two inquiries, is abstention nevertheless inappropriate because an exception to abstention applies?

*Id*. at 552 (citations omitted). The Court considers each in turn.

First, it's evident that the state proceeding fits within a category where *Younger* abstention applies: it's a criminal prosecution. *See Sprint Comm., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). Second, the Court considers the "*Middlesex*"

factors: whether the state proceeding (1) is judicial in nature, (2) implicates important state interests, and (3) provides an adequate opportunity to raise constitutional challenges. *Peterson*, 899 F.3d at 548 (citing *Middlesex*, 457 U.S. at 432). Those factors also clearly weigh in favor of abstention: the proceeding is judicial, the state has an important interest in the enforcement of its criminal laws and vehicle regulations, and any constitutional challenges to the proceeding may be asserted in state trial and appellate courts. *See Postscript Enterprises, Inc. v. Peach*, 878 F.2d 1114, 1116 (8th Cir. 1989); *Cook v. Hinrichs*, 500 F. Supp. 2d 1225, 1228 (D.S.D. 2007). Finally, there's no exception to *Younger* abstention that applies here: the Court finds no reason to believe the state court proceeding was based on bad faith, harassment, or some other extraordinary circumstance (as opposed to a good-faith disagreement about the applicability of Nebraska's motor vehicle laws). *See Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998).

In sum, the three-part inquiry for evaluating *Younger* abstention is satisfied here. Accordingly,

IT IS ORDERED:

1. The plaintiff's complaint is dismissed.

2. A separate judgment will be entered.

Dated this 2nd day of June, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge